The PRESIDENT
delivered the opinion of the court.
We considered the last point first, because if this were against the plaintiffs, it would have been unnecessary to decide the ^others. The objection, when applied to common cases of personal torts, is well founded: but actions like the present, are merely fictitious, and were very properly in this respect, likened to actions of ejectment. Eor it many persons may unite as plaintiffs, not try a joint right to land, (which no doubt they may,) no good reason can be given why they may not unite, to try a joint right to freedom as in the present case. Although suits for freedom may be instituted without the leave of the court, yet it is usual to petition for such leave. The court, generally require the opinion of the counsel upon the plaintiff’s right; and if it appear, that the plaintiff has probable cause for suing, the court will make special *498 orders for the purpose of protecting the plaintiff from the master’s resentment, or ill treatment, on that account, and for allowing him reasonable time to prepare for this trial.
As to the first point made at the bar, the court are of opinion that the act of 1705, is a compleat repeal of all former laws on the subject, and that since that period, no American Indian, can be reduced into a state of slavery. Foreign Indians coming within the description of that act, might be made slaves. When therefore, we speak of Indians generally, it is to be understood, that some might, but others might not be made slaves in this country.
This principle being ascertained, we were led to a consideration of the second point, which respects the insufficiency of the finding. Upon this, the court are divided.
Two judges think, that finding Judith to be an Indian, brought in by Coleman, without saying from whence, whether by sea, or land, is insufficient to warrant the judgment. That whatever lengths the jury might have gone in presuming the fact, the court cannot supply those circumstances, necessary to establish it. On the other hand, two judges, presuming in favor of liberty, think that the verdict is sufficient.
The judgment therefore must be affirmed.